## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| STATE OF INDIANA, STATE OF ARIZONA, STATE OF ARKANSAS, STATE OF GEORGIA, STATE OF KANSAS, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MISSOURI, STATE OF MONTANA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, STATE OF UTAH, <br><br> Plaintiffs, <br><br> v. <br><br> PRESIDENT JOSEPH R. BIDEN, JR., THE EXECUTIVE OFFICE OF THE PRESIDENT, ATTORNEY GENERAL MERRICK B. GARLAND, THE UNITED STATES DEPARTMENT OF JUSTICE, SECRETARY OF EDUCATION MIGUEL A. CARDONA, and THE UNITED STATES DEPARTMENT OF EDUCATION, <br><br> *Defendants*. | **CASE NO.**  1:22-cv-430 |

## COMPLAINT

Come now the Plaintiffs, the State of Indiana, State of Arizona, State of Arkansas, State of Georgia, State of Kansas, Commonwealth of Kentucky, State of Louisiana, State of Missouri, State of Montana, State of Ohio, State of Oklahoma, State of South Carolina, State of Texas, and State of Utah for their Complaint against the Defendants, President Joseph R. Biden, Jr., the Executive Office of the

President ("EOP"), Attorney General Merrick B. Garland, the United States Department of Justice ("DOJ"), Secretary of Education Miguel A. Cardona, and the United States Department of Education ("ED"), and would state as follows:

## I.    INTRODUCTION.

1.     The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, enacted in 1966, provides the public with a right of access to federal agency records.

2.     The people must know what the government is doing. "In enacting the FOIA 23 years ago, Congress sought 'to open agency action to the light of public scrutiny.' Congress did so by requiring agencies to adhere to 'a general philosophy of full agency disclosure.'  Congress believed that this philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning of a democratic society.'"[1] Our Founding Fathers' commitment to open government and the public's right to information can be seen in the First Amendment, which "protects not only the right of citizens to speak and publish, but also to receive information."[2] The FOIA is "an affirmative congressional effort to give meaningful content to constitutional freedom of expression." *See* S. Rep. No. 93-854, at 153-54 (May 16, 1974). The statutory exceptions to the FOIA "do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act[.]"[3]

3.     This is an action brought pursuant to the FOIA to compel the Defendants to produce records responsive to an outstanding FOIA request

---

[1] *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (internal citations and quotation marks omitted).
[2] *Providence Journal Co. v. FBI*, 460 F. Supp. 762, 776 (D.R.I. 1978) (overturned on other grounds).
[3] *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 7-8 (2001) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)).

submitted to each of them by the State of Indiana and sixteen other states (hereinafter collectively "States") on October 26, 2021.

## II.   THE PARTIES.

4.    The State of Indiana, State of Arizona, State of Arkansas, State of Georgia, State of Kansas, Commonwealth of Kentucky, State of Louisiana, State of Missouri, State of Montana, State of Ohio, State of Oklahoma, State of South Carolina, State of Texas, and State of Utah are each sovereign states of the United States of America.

5.    The Defendant President Joseph R. Biden, Jr. heads the Defendant Executive Office of the President, a component of which is the Domestic Policy Council, both of which are located in the Eisenhower Executive Office Building at 1650 17th Street NW, Washington, D.C.  On information and belief, the Defendants have possession, custody, and control of the records to which the States seek access.

6.    The Defendant Department of Justice is a federal agency with its principal headquarters located in the Robert F. Kennedy Department of Justice Building, 950 Pennsylvania Avenue, NW, Washington, D.C. The Defendant, Attorney General Merrick B. Garland, heads the United States Department of Justice.  On information and belief, the Defendants have possession, custody, and control of the records to which States seek access.

7.    The Defendant United States Department of Education is a federal agency with its principal headquarters located in the Lyndon Baines Johnson Department of Education Building, 400 Maryland Avenue SW, Washington, DC. The Defendant Secretary of Education, Miguel A. Cardona, heads the Department

of Education. On information and belief, the Defendants have possession, custody, and control of the records to which States seek access.

### III.  JURISDICTION AND VENUE.

8.  The States bring this lawsuit pursuant to the FOIA: "The FOIA confers jurisdiction on the district courts 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.' § 552(a)(4)(B). Under this provision, 'federal jurisdiction is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" *Kissinger v. Reporters Committee for Freedom of Press*, 445 U.S. 136, 150 (1980)." *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989).

9.  This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because the Defendants are federal agencies that have improperly withheld agency records.

10.  Because the Defendants have not responded in a timely fashion to the States' FOIA requests, the States are deemed to have constructively exhausted any applicable administrative exhaustion requirements. *See e.g. Manivannan v. Dep't of Energy, Nat'l Energy Tech. Lab'y*, 843 F. App'x 481, 484 (4th Cir. 2021) ("In setting a time limit for agencies to respond to initial requests and establishing constructive exhaustion as a means to enforce that limit, Congress expressed a clear intent to ensure that FOIA requests receive prompt attention from the applicable agencies."); *Calhoun v. F.B.I.*, 546 F. App'x 487, 490 (5th Cir. 2013) ("Where an agency fails to respond to a FOIA request in a timely manner, however, the requester is deemed to have exhausted his remedies and may bring an action in federal court. § 552(a)(6)(C).).

11. This Court has jurisdiction because this action is brought in the Southern District of Indiana where the State of Indiana is located, and pursuant to 28 U.S.C. § 1331, because the resolution of disputes under the FOIA presents a federal question.

12. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the Southern District of Indiana where the State of Indiana is located, and pursuant to 28 U.S.C. § 1391(e), because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Indiana.

### IV. FACTUAL BACKGROUND.

13. In an October 4, 2021, Memorandum entitled *Office of the Attorney General Memorandum, Re: Partnership Among Federal, State, Local, Tribal, and Territorial Law Enforcement to Address Threats Against School Administrators, Board Members, Teachers, and Staff*, [4] Attorney General Garland sought to turn the full power of the Federal government on parents lawfully exercising their First Amendment rights to raise concerns about their children's education. A true, accurate, authentic and complete copy of the October 4, 2021, Memorandum is attached under Exhibit "A".

14. Attorney General Garland testified in Congress that his Memorandum was based on a now debunked and rescinded letter drafted by individuals in the Federal Government (EOP, ED, and DOJ) working with the National School Boards

---

[4] Office of the Attorney General Memorandum, *Re: Partnership Among Federal, State, Local, Tribal, and Territorial Law Enforcement to Address Threats Against School Administrators, Board Members, Teachers, and Staff*, (October 4, 2021), https://www.justice.gov/ag/page/file/1438986/download.

Association ("NSBA") dated September 29, 2021.  This letter, from the NSBA to President Biden, called on him to invoke "the PATRIOT Act in regards to domestic terrorism," arguing that as "acts of malice, violence and threats against public school officials have increased, the classification of these heinous actions could be the equivalent to a form of domestic terrorism and hate crimes."[5] A true, accurate, authentic and complete copy of the NSBA's September 29, 2021 letter is attached under Exhibit "B".

15.    On October 18, 2021, the States sent a letter to President Biden, Attorney General Garland, and Secretary Cardona as the respective heads of the EOP, DOJ, and ED respectively, "in our capacity as State Attorneys General, chief legal officers for our respective states":

> Despite the "primary role of the parents" in "direct[ing] the education and upbringing of [their] children" the NSBA letter and the October 4, 2021 Memorandum seek to intimidate parents under the threat of being investigated as "domestic terrorists" from exercising their rights.
>
> To that end we request that you immediately withdraw the October 4, 2021 Memorandum, to immediately cease any further actions designed to intimidate parents from expressing their opinions on the education of their children, and demand that you respect their First Amendment rights to freedom of speech and to raise their children.

A true, accurate, authentic and complete copy of the October 18, 2021, letter from the States is attached as Exhibit "C".

---

[5] National School Board Association Letter, *Re: Federal Assistance to Stop Threats and Acts of Violence Against Public Schoolchildren, Public School Board Members, and Other Public School District Officials and Educators* (September 29, 2021), https://www.nsba.org/-/media/NSBA/File/nsba-letter-to-president-biden-concerning-threats-to-public-schools-andschool-board-members-92921.pdf?la=en&hash=642B7B91E0029BA4427D0F38D7054A007537160F.

16.     Despite this request and similar requests from members of Congress, Attorney General Garland struck a defiant pose at his October 21, 2021, testimony before the House Judiciary Committee.[6]

17.     As Attorney General Garland conceded in his testimony before the House Judiciary Committee, an email to the NSBA Board dated September 29, 2021, from the Acting Executive Director, Chip Slaven, wherein he stated that the NSBA had been "in talks over the last several weeks with White House staff, they requested additional information on some of the specific threats, so the letter details many of the incidents that have been occurring."[7]

18.     Mr. Slaven's e-mail was in response to the NSBA Board Members' deep concern over not being advised of the letter before it was sent to the President.  A true, accurate, authentic, and complete copy of this e-mail chain obtained via state public records act requests is attached as Exhibit "D", and the September 29, 2021, Slaven e-mail can be found at pages 5-6.

19.     During his testimony Attorney General Garland also admitted that DOJ officials were involved in discussions with the NSBA and the White House over the now repudiated NSBA letter that formed the factual basis for the October 4, 2021, memorandum: "I am sure that the communication from the National

---

[6] *See* CNBC Television, *Attorney General Merrick Garland Testifies Before the House Judiciary Committee – 10/21/2021*, YOUTUBE (Oct. 21, 2021), https://youtu.be/KojYvO2Mjj0; Jordan Boyd, *AG Merrick Garland Admits Federal War On Parents Sprang From School Boards Letter, Not Evidence,* THE FEDERALIST (Oct. 21, 2021), https://thefederalist.com/2021/10/21/ag-merrick-garland-admits-federal-war-on-parents-sprang-from-school-boards-letter-not-evidence (last visited Feb. 15, 2022).
[7] *See e.g.* Jessica Chasmar, *White House in Contact with School Board Group for Weeks Before Controversial Patriot Act Letter*, FOX NEWS (Oct. 21, 2021), https://www.foxnews.com/politics/white-house-national-school-board-association-letter-emails-show (last visited Feb. 15, 2022); and Chrissy Clark, *White House Collaborated with School Board Group On Letter Comparing Parents to Domestic Terrorists*, DAILY CALLER (Oct. 21, 2021), https://dailycaller.com/2021/10/21/nsba-biden-white-house-letter-domestic-terrorists (last visited Feb. 15, 2022).

Association of School Boards was discussed between the White House and the Justice Department and that's perfectly appropriate."

20.    In a "Memorandum to State Association Officers and Executive Directors" from Dr. Viola M. Garcia, President of the National School Boards Association dated October 12, 2021, she noted that the NSBA had worked closely with the White House in drafting the letter and confirmed that it was done so at the request of the Biden Administration and as part of a White House coordinated effort: "In the September 14, 2021 meeting of the OSAED [NSBA's Organization of State Association Executive Directors] liaison group they were informed that there had been a meeting with White House staff that morning and that NSBA was preparing to send a letter to the President." The NSBA Memorandum goes on to note that as a result of this meeting with White House staff on September 14, 2021, that various efforts were being made to push back on parents expressing their First Amendment rights, and that the "NSBA has drafted its own individual letter that has been in the planning for several days that will also go out next week." Dr. Viola's Memorandum also notes that the DOJ acted immediately on the White House orchestrated NSBA letter, "[i]n response to the letter sent by NSBA, on October 4, 2021 the Attorney General announced in a memorandum widely shared throughout the U.S. Department of Justice … ." A true, accurate, authentic, and complete copy of Dr. Viola's October 1, 2021, Memorandum obtained via state public records act requests is attached as Exhibit "E".

21.    In addition to the White House and DOJ participation, recently released NSBA e-mails obtained through public records act requests that went from

Kristi Swett, the NSBA Board's Secretary/Treasurer to Marnie Maraldo a fellow NSBA Board member, show that the NSBA letter was also specifically requested by Secretary Cardona: "Chip [Slaven] told the officers he was writing a letter to provide information to the White House, from a request by Secretary Cardona." A true, accurate, authentic, and complete copy of this e-mail obtained via state public records act requests is attached as Exhibit "F".

22.     On October 22, 2021, in response to, among other things, the October 18, 2021, States' letter, the NSBA Board of Directors rescinded its September 29, 2021 "domestic terrorists" letter stating that "**we regret and apologize for the letter**." A true, accurate, authentic, and complete copy of this letter is attached as Exhibit "G".

## V.     THE FOIA REQUESTS.

23.     As a consequence of these disturbing admissions and the revocation of the NSBA letter that formed the basis for Attorney General Garland's October 4, 2021, Memorandum, in a letter dated October 26, 2021, the States demanded that President Biden and Attorney General Garland revoke the October 4, 2021, Memorandum based on the letter and "in turn disavow their own involvement in this offensive episode." Seeking complete transparency, the States also served a series of FOIA requests on President Biden and the EOP, Attorney General Garland and the DOJ, and Secretary Cardona and the ED seeking public records relating to the communications and White House meetings outlined by Attorney General Garland in his Congressional testimony noted above (including his follow-up

testimony before the Senate Judiciary Committee on October 27, 2021[8]), as well as documented in the NSBA's e-mails between the NSBA's Executive Director, Chip Slaven attached hereto, and the October 12, 2021 NSBA Memorandum.  A true, accurate, authentic, and complete copy of the States' October 26, 2021, letter to the federal agencies is attached as Exhibit "H".

24.     In the FOIA Request, the States sought the following records from the Defendants:

2.   Produce all communications of any federal officials or agencies to or from the NSBA (including its employees, directors, members or affiliated individuals or organizations) relating to "the proceedings leading to the [September 29] letter" as noted in the NSBA's letter of October 22, 2021, including but not limited to the following:

A. Correspondence of any kind with the NSBA as defined above, whether text, written or electronic to or from any individual employed by or affiliated with the White House or White House related entities such as the Domestic Policy Council;

B. Correspondence of any kind with the NSBA as defined above, whether text, written or electronic to or from any individual employed by or affiliated with the United States Department of Justice, including but not limited to Attorney General Merrick Garland, Deputy Attorney General Lisa Monaco, Associate Attorney General Vanita Gupta, Assistant Attorney General Kristen Clark, or their "front office staff" including but not limited to their deputies, senior advisors, and senior counsel;

C. Correspondence of any kind with the NSBA as defined above, whether text, written or electronic to or from any individual employed by or affiliated with the United States Department of Education, including but not limited to Secretary Miguel Cardona, Deputy Secretary Cindy Marten, Acting General Counsel Emma Leheny, Assistant Secretary for the Office of Civil Rights Catherine Llhamon, or their "front office staff"

---

[8] *See e.g.* Ronn Blitzer, *Garland Refuses to Back Away From DOJ Memo After School Board Apology*, FOX NEWS (October 27, 2021), https://www.foxnews.com/politics/garland-doj-politicization-senate-judiciary-hearing (last visited Feb. 15, 2022); C-Span, *Department of Justice Oversight Hearing*, C-SPAN (Oct. 27, 2021), https://www.c-span.org/video/?515521-1/attorney-general-garland-testifies-senate-judiciary-committee-oversight-hearing.

including but not limited to their deputies, senior advisors, and senior counsel;

D. All documents, e-mails, memoranda or other materials prepared by any individual employed by or affiliated with the United States government relating to the situation described in Mr. Slavens' e-mail to the NSBA Board dated September 29, 2021, wherein he stated that the NSBA had been "in talks over the last several weeks with White House staff, they requested additional information on some of the specific threats, so the letter details many of the incidents that have been occurring;"

E. All drafts, discussion copies, memoranda or other material exchanged with the NSBA as defined above and any federal government employees of what ended up being the September 29, 2021, letter; and,

F. Notes, memoranda, internal e-mails, or other documents and materials prepared by any individual employed by or affiliated with the United States government discussing, summarizing, or memorializing any of the above referenced communications.

25.     In addition to the FOIA request to the federal agencies, the States also demanded that the NSBA produce the same records for complete transparency. A true, accurate, authentic, and complete copy of the States' October 26, 2021, letter to the NSBA is attached as Exhibit "I".

26.     Following the States' October 26, 2021, letter, on October 27, 2021, the Ranking Member of the Senate Judiciary Committee and seven other members sent a letter to Attorney General Garland seeking similar information. According to a follow-up letter dated December 6, 2021, from these same Senators, instead of a DOJ response, and contradicting Attorney General Garland's Congressional testimony, "[a] whistleblower at the Department of Justice provided the U.S. House Judiciary Committee a copy of an internal DOJ email containing 'A Joint Message from Criminal Investigative Division & Counterterrorism Division'.  That email

stated that the FBI's Counterterrorism and Criminal Division created the threat tag, 'EDUOFFICIALS' to track 'instances of related threats' about school administrators, school board members, teachers and staff." A true, accurate, authentic, and complete copy of the Senate Judiciary Committee letter dated December 6, 2021, and the attached DOJ email dated October 20, 2021, is attached as Exhibit "J".

27.     Despite this type of information being leaked by whistleblowers to the Senate, rather than quickly release this information pursuant to the FOIA request, the DOJ Office of Information Policy ("OIP") simply acknowledged the receipt of the States' FOIA request on December 17, 2021, designating it as FOIA-2022-00380, and then noting "unusual circumstances" existed and forwarded it on to the DOJ Civil Rights Division ("CRD") with assurances that "your request will be processed as soon as possible."   A true, accurate, authentic and complete copy of the OIP December 27, 2021, letter is attached as Exhibit "K".  On January 5, 2022, the CRD also acknowledged the States' FOIA request, designating it as FOI/PA No. 22-00114-F, and also asserting "unusual circumstances".  A true, accurate, authentic, and complete copy of the CRD January 5, 2022, letter is attached as Exhibit "L".

28.     As of the date of this Complaint no response to the States' October 26, 2021, FOIA requests have been made by the DOJ or its constituent divisions.

29.     As of the date of this Complaint neither the White House nor the EOP has acknowledged or responded to the States' October 26, 2021, FOIA requests.

30.     In contrast to the DOJ and the White House, the Department of Education both acknowledged receiving the FOIA request on November 30, 2021

designating it as FOIA 22-01131-F, and also contacted the States for clarification and scope of the request. Following several e-mails, on December 22, 2021, the States provided the clarification on that date and this was confirmed by ED via e-mail on January 7, 2022.  A true, accurate, authentic, and complete copy of the acknowledgement e-mail dated November 30, 2021 and follow-up e-mails are attached as Exhibit "M".

31.    More than thirty days (not including weekends and federal holidays) have lapsed since the Defendants acknowledged receipt of the States' FOIA requests. The Defendants have failed to meet the statutory deadline for their response in the form of a determination to the FOIA request dated October 26, 2021.  Because they have failed to respond within thirty (30) days (not including weekends and federal holidays) they are in violation of the FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i) (providing that Defendant has 20 days excluding weekends and federal holidays to provide a determination); *see also* 5 U.S.C. §552(a)(6)(B)(i) (allowing Defendant to request a ten (10) day extension).

32.    Accordingly, the States file this lawsuit to compel the Defendants to comply with the FOIA.

33.    The States are entitled to a waiver of search, review, and reproduction fees pursuant to the FOIA (5 U.S.C. § 552(a)(4)(A)(iii)) because the information sought is in the public interest, is likely to contribute to public understanding of the operations and activities of government, and because the States have no commercial interest in the information.

34.    Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), the States are deemed to have exhausted their administrative remedies with respect to the FOIA requests.

35.    As of the date of this Complaint, the Defendants have failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify the States of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform the States that they may appeal any adequately specific, adverse determination.

### COUNT I: (Violation of the FOIA, 5 U.S.C. § 552).

36.    The States reallege paragraphs 1 through 35 as if fully stated herein.

37.    The Defendants are agencies subject to the FOIA under 5 U.S.C. § 552, the States' FOIA requests properly seek records within the possession, custody, and/or control of Defendants under FOIA, and the FOIA requests complied with all applicable regulations regarding the submission of FOIA requests.

38.    The Defendants are in violation of the FOIA by failing and/or refusing to employ search methods reasonably likely to lead to the discovery of records responsive to the States' request and, accordingly, failing and/or refusing to produce any and all non-exempt records responsive to the request.

39.    The States are being irreparably harmed by Defendants' violation of the FOIA and will continue to be irreparably harmed unless the Defendants are compelled to comply with the FOIA.

40.    Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), the States are deemed to have exhausted their administrative remedies with respect to the FOIA Request because

the Defendants were required to make a final determination of the States' FOIA request within the time limits set by FOIA. Accordingly, determination was due by November 27, 2021, at the latest.

41.     Because the Defendants failed to make a final determination on the States' FOIA requests within the time limits set by the FOIA, the States are deemed to have exhausted their administrative appeal remedies.

**PRAYER FOR RELIEF**

42.     Enter an immediate order directing the Defendants to preserve all records potentially responsive to the FOIA Request, and prohibiting the Defendants, their employees, agents, or representatives from transporting, concealing, removing, destroying, or in any way tampering with records potentially responsive to said requests;

43.     Enter an order declaring that the Defendants have violated the FOIA and that the States are entitled to a true, accurate and complete response to their FOIA requests;

44.     Enter an order directing the Defendants to conduct searches for any and all records responsive to the FOIA Request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to the FOIA Request;

45.     Enter an order directing the Defendants to produce, by a certain date, any and all non-exempt records responsive to the requests and a Vaughn index of any responsive records withheld under claim of exemption;

46.     Enter an order enjoining the Defendants from continuing to withhold any and all non-exempt records responsive to the FOIA Request;

47.     Award reasonable attorneys' fees, costs, and expenses; and

48.     Grant any and all other relief as this Court deems just and proper.

Respectfully submitted: March 4, 2022

s/ *Betsy DeNardi*
Betsy DeNardi, 23856-71
Cory Voight, 23180-49
Directors of Complex Litigation

TODD ROKITA
*Attorney General of Indiana*
Betsy DeNardi, 23856-71
Cory Voight, 23180-49
*Directors of Complex Litigation*
Corrine Youngs, 32725-49
*Deputy Attorney General*
Office of the Indiana Attorney General
302 W. Washington Street
IGCS - 5th Floor
Indianapolis, IN 46204
Telephone: (317) 232-6201
Email: Betsy.DeNardi@atg.in.gov
Email: Cory.Voight@atg.in.gov
Email: Corrine.Youngs@atg.in.gov
*Counsel for the State of Indiana*

MARK BRNOVICH
*Attorney General of Arizona*
Drew C. Ensign**
*Deputy Solicitor General*
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona  85050
Telephone: (602) 542-5025
Email: Drew.Ensign@azag.gov
*Counsel for the State of Arizona*

LESLIE RUTLEDGE
*Attorney General of Arkansas*
Dylan L. Jacobs*
*Deputy Solicitor General*
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas  72201
Telephone: (501) 682-3661
Email: Dylan.Jacobs@ArkansasAG.gov
*Counsel for the State of Arkansas*

CHRISTOPHER M. CARR
*Georgia Attorney General*
Stephen J. Petrany*
*Georgia Solicitor General*
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, Georgia 30334
Telephone: (404) 458-3408
Email: spetrany@law.ga.gov
*Counsel for the State of Georgia*

DEREK SCHMIDT
*Kansas Attorney General*
Jeffrey A. Chanay*
*Chief Deputy Attorney General*
Office of the Attorney General
120 SW 10th Ave., 3d Floor
Topeka, Kansas 66612-1597
Telephone: (785) 368-8435
Email: jeff.chanay@ag.ks.gov
*Counsel for the State of Kansas*

DANIEL CAMERON
*Attorney General of Kentucky*
Aaron J. Silletto
Office of the Kentucky Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601
Telephone: (502) 696-5300
Email: Aaron.Silletto@ky.gov
*Counsel for the Commonwealth of Kentucky*

JEFF LANDRY
*Attorney General of Louisiana*
Elizabeth B. Murrill*
*Louisiana Solicitor General*
J. Scott St. John*
*Deputy Louisiana Solicitor General*
Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, LA 70804
Telephone: (225) 326-6766
Email: murrille@ag.louisiana.gov
Email: stjohnj@ag.louisiana.gov
*Counsel for the State of Louisiana*

ERIC S. SCHMITT
*Attorney General of Missouri*
D. John Sauer*
*Missouri Solicitor General*
Office of the Missouri Attorney General
Supreme Court Building
P.O. Box 899
Jefferson City, Missouri 65102
Telephone: 573-751-8870
Email: John.Sauer@ago.mo.gov
*Counsel for the State of Missouri*

AUSTIN KNUDSEN
*Attorney General of Montana*
David M.S. Dewhirst*
*Montana Solicitor General*
Christian B. Corrigan*
*Assistant Solicitor General*
Office of the Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Email: david.dewhirst@mt.gov
Email: christian.corrigan@mt.gov
*Counsel for the State of Montana*

DAVID YOST
*Ohio Attorney General*
Benjamin M. Flowers*
*Ohio Solicitor General*
Office of the Ohio Attorney General
30 East Broad St. 14th Floor
Columbus, OH 43215
Telephone: (614) 728-7511
Email:
Benjamin.Flowers@ohioattorneygenera
l.gov
*Counsel for the State of Ohio*

JOHN M. O'CONNOR
*Oklahoma Attorney General*
Bryan Cleveland*
*Oklahoma Solicitor General*
Office of the Oklahoma Attorney General
313 NE 21st St.
Oklahoma City, OK 73105
Telephone: (405) 521-3921
Email: bryan.cleveland@oag.ok.gov
*Counsel for the State of Oklahoma*

ALAN WILSON
*Attorney General of South Carolina*
Thomas T. Hydrick*
*Assistant Deputy Solicitor General*
Post Office Box 11549
Columbia, SC 29211
Telephone: (803) 734-4127
Email: thomashydrick@scag.gov
*Counsel for the State of South
Carolina*

KEN PAXTON
*Texas Attorney General*
Brent Webster*
Grant Dorfman*
*Deputy First Assistants General*
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Email: Brent.Webster@oag.texas.gov
Email: Grant.Dorfman@oag.texas.gov
*Counsel for the State of Texas*

SEAN D. REYES
*Utah Attorney General*
Melissa A. Holyoak*
*Utah Solicitor General*
Office of the Utah Attorney General
350 N. State Street, Suite 230
Salt Lake City, UT 84114
Email: melissaholyoak@agutah.gov
*Counsel for the State of Utah*

*Pro Hac Vice pending
**Admission pending