UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STATE OF INDIANA, STATE OF ARIZONA, STATE OF ARKANSAS, STATE OF GEORGIA, STATE OF KANSAS, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MISSOURI, STATE OF MONTANA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, and STATE OF UTAH, | ) ) ) ) ) ) ) | |
| | ) | No. 1:22-cv-00430-JMS-TAB |
| *Plaintiffs*, | ) ) | |
| *vs.* | ) ) | |
| U.S. DEPARTMENT OF JUSTICE and U.S. DEPARTMENT OF EDUCATION, | ) ) ) | |
| *Defendants*. | ) ) | |

## **ORDER**

The Plaintiffs in this case, 14 states, seek relief under the Freedom of Information Act ("FOIA") based on the alleged failure by Defendants the United States Department of Justice ("DOJ") and the United States Department of Education ("DOE") (collectively, "the Government") to respond to a FOIA request contained in a letter sent by some of the Plaintiffs. On January 20, 2023, the Court ordered the States of Louisiana, Ohio, Oklahoma, and Utah to show cause within 14 days "as to why they should not be dismissed for lack of standing to seek relief under FOIA given there is no evidence they made the FOIA request that is the basis of this lawsuit." [Filing No. 63 at 27.] The States of Louisiana, Ohio, Oklahoma, and Utah filed a Response to Order to Show Cause on January 24, 2023, [Filing No. 67], and the Government filed a response thereto on February 10, 2023, [Filing No. 80]. The parties all agree that Oklahoma did in fact sign the FOIA request, so the Court finds that the State of Oklahoma has standing to seek relief in this case. And

while the parties also agree that Louisiana, Ohio, and Utah did not sign the FOIA request, they disagree as to how that failure affects standing.

Specifically, Louisiana, Ohio, and Utah argue that "when at least one plaintiff [has] standing to pursue common issues presented by all plaintiffs, it is unnecessary for a court to resolve standing challenges as to other plaintiffs." [Filing No. 67 at 3 (quotations and citations omitted).] They assert that Plaintiffs "bring a collective lawsuit that lodges a single claim and requests the same relief," so the Court need not determine whether they have standing alone. [Filing No. 67 at 4.]

The Government argues that only a party who submits a FOIA request has standing to sue related to the denial of the request. [Filing No. 80 at 2.] It contends that the Court should not decline to address standing for Louisiana, Ohio, and Utah because the standing issue in the FOIA context "is easily determined simply by considering the face of the FOIA request." [Filing No. 80 at 3.] The Government also notes that there is no harm in dismissing the claims brought by Louisiana, Ohio, and Utah because they will have access to any information that the remaining Plaintiffs are able to obtain. [Filing No. 80 at 4.]

The Court does not have subject matter jurisdiction over claims asserted by a plaintiff that does not have standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203-04 (2021). In the FOIA context, "[a] case or controversy conferring standing arises only when a person makes a request for information under the FOIA and the petitioned agency denies that request." *McDonnell v. United States*, 4 F.3d 1227, 1236-38 (3d Cir. 1993) ("We think a person whose name does not appear on a request for records has not made a formal request for documents within the meaning of [FOIA]."). While "[s]tanding is not dispensed in gross," *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (quotation and citation omitted), the Court acknowledges that there are

limited circumstances where courts may decline to determine whether each plaintiff independently has standing, as long as they are seeking the same relief as plaintiffs who do have standing, *see, e.g.*, *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017) (holding that an intervenor of right must demonstrate Article III standing when it "seeks additional relief beyond that which the plaintiff requests").  Here, however, the standing inquiry is clear-cut and the Court declines to impute the standing possessed by the States who signed the FOIA request to Louisiana, Ohio, and Utah.  The Court also finds it significant that Louisiana, Ohio, and Utah will not be harmed by having their claims dismissed – they will have access to any information obtained by the remaining Plaintiffs in this lawsuit.

Accordingly, the Court **DISMISSES** the claims asserted by the States of Louisiana, Ohio, and Utah **WITHOUT PREJUDICE**.[1]  No partial final judgment shall issue.  The Clerk is **DIRECTED** to **TERMINATE** the States of Louisiana, Ohio, and Utah as parties in this case.

Date: 2/13/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

[1] Because the Court finds that the States of Louisiana, Ohio, and Utah do not have standing, it also finds that it lacks subject-matter jurisdiction over their claims so must dismiss those claims without prejudice.  *See American Bottom Conservancy v. U.S. Army Corps of Engineers*, 650 F.3d 652, 661 (7th Cir. 2011) (dismissal for lack of standing is a finding that the court does not have jurisdiction, which requires dismissal without prejudice).